No. 24-2251

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

STATE OF ALASKA, et al.,
*Defendants/Appellants*.

Appeal from the United States District Court for the District of Alaska
No. 1:22-cv-54 (Hon. Sharon L. Gleason)

**UNITED STATES' UNOPPOSED MOTION
FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF**

The United States respectfully requests a 30-day extension of time, to October 25, 2024, to file answering briefs in this appeal. Fed. R. App. P. 26(b); 9th Cir. R. 31-2.2(b). Currently, answering briefs for all appellees are due September 25, 2024. The United States previously obtained a 30-day streamlined extension of time from the original due date of August 26, 2024.

The Court may grant a motion for an extension of time upon a showing of good cause. Fed. R. App. P. 26(b). "'Good cause' is a non-rigorous standard that

has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The attached declaration of undersigned counsel explains in detail the good cause for this extension. Briefly, this extension is justified for two reasons. First, the D.C. Circuit ordered supplemental briefing and reargument on a quick schedule in *Loper Bright Enterprises v. Raimondo*, No. 21-5166, on remand from the Supreme Court. Undersigned counsel is responsible for preparing the briefing and presenting argument in that matter, among other obligations, which have prevented him from completing the answering brief in this case despite diligent efforts. Undersigned counsel's other obligations include responding to a petition seeking mandamus review of this Court's decision in *In re United States*, No. 24-684 (9th Cir. May 1, 2024). Second, the government's answering brief in this case is subject to review and approval by the U.S. Department of the Interior and the U.S. Department of Agriculture, along with several components within the U.S. Department of Justice, which require significant time for careful consideration. Principal drafting of the brief thus must be complete well in advance of the filing due date. The extension is also warranted to accommodate this internal review process.

  Although undersigned counsel has worked diligently to prepare the brief and engage in the necessary review and consultation within the federal government, this process will not be complete by the current due date of September 25, 2024.

An extension of time is necessary to complete these internal processes and will ensure thoughtful consideration of the issues presented for the Court's review on questions that implicate the status of a significant government program and the constitutional structure of a federal agency.

Counsel for the United States conferred with the other parties. Counsel for the appellants, the State of Alaska et al., state the following: "The State does not oppose the motion on the understanding that the United States does not plan to seek any additional extensions of time. Throughout this litigation, the State has consistently asked for the case to be resolved as expeditiously as possible. The district court below 'acknowledge[d] the parties' interest, and particularly the State's interest, in the prompt resolution of this matter,' and it 'endeavor[ed] to issue a decision . . . before the start of [the 2024] fishing season.' Dkt. 88 at 2; *cf. W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). It is the State's hope that this Court will also issue a decision before the next fishing season begins in the summer of 2025." Counsel for the intervenor-appellees state that they do not oppose.

For these reasons and those in the attached declaration, the United States respectfully requests that the September 25, 2024, deadline for all answering briefs be extended by 30 days, up to and including October 25, 2024.

                        Respectfully submitted,

                        <u>/s/ *Daniel Halainen*</u>
                        DANIEL HALAINEN
                        *Attorney*
                        Environment and Natural Resources Division
                        U.S. Department of Justice
                        Post Office Box 7415
                        Washington, D.C. 20044
                        (202) 514-4081
                        daniel.j.halainen@usdoj.gov

September 12, 2024
DJ 90-1-0-16431

# DECLARATION OF COUNSEL
# IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME

I, Daniel Halainen, declare pursuant to 28 U.S.C. § 1746 as follows:

**1.** I am an attorney in the Appellate Section, Environment and Natural Resources Division, U.S. Department of Justice. I am lead counsel for the United States in this appeal, and I am principally responsible for preparing the United States' answering brief.

**2.** Under the current briefing schedule, the answering briefs of all appellees, including the United States, are due September 25, 2024. If the motion is granted, answering briefs will be due October 25, 2024.

**3.** The original deadline for answering briefs was August 26, 2024. The United States obtained a streamlined 30-day extension to September 25, 2024. This is the United States' second extension request. Oral argument has not yet been scheduled.

**4.** Despite the exercise of diligence, I am unable to file the answering brief by the current due date for the following reasons:

**a.** I am responsible for several other pending matters that require significant time and attention. Most significantly, I represent the United States in *Loper Bright Enterprises v. Raimondo*, No. 21-5166 (D.C. Cir.), a matter on remand from the Supreme Court. In August 2024, the D.C. Circuit issued an order

5

setting a quick schedule for supplemental briefing and scheduling oral argument. *See* D.C. Cir. R. 28(e)(1) (once argument is scheduled, briefing schedule will not change absent "extraordinarily compelling reasons"); *cf.* 9th Cir. R. 31-2.2(a)(2) (disallowing streamlined extensions once argument is scheduled). The government's brief is due September 18 and argument is scheduled for November 4. Beyond *Loper Bright*, I have been responsible over the past two months for reviewing other attorneys' briefs and memoranda in various cases, along with preparing recommendations for the Solicitor General, and a recently filed petition seeking mandamus review in the Supreme Court of this Court's decision in *In re United States*, No. 24-684 (9th Cir. May 1, 2024).

**b.** Additional time is also needed for extensive review and approval of the United States' brief, given the nature of the issues that the State of Alaska presents on appeal. Alaska challenges the structure and authority of a federal agency, the Federal Subsistence Board, with important responsibilities for rural subsistence hunting and fishing. These questions require careful consideration, review, and approval within the Department of Justice, the Department of the Interior, and the Department of Agriculture. Consequently, principal drafting of the United States' must be completed well in advance of the brief's due date to accommodate this extensive review and approval process.

5. I consulted counsel for the other parties. Counsel for the appellants, the State of Alaska et al., state the following: "The State does not oppose the motion on the understanding that the United States does not plan to seek any additional extensions of time. Throughout this litigation, the State has consistently asked for the case to be resolved as expeditiously as possible. The district court below 'acknowledge[d] the parties' interest, and particularly the State's interest, in the prompt resolution of this matter,' and it 'endeavor[ed] to issue a decision . . . before the start of [the 2024] fishing season.' Dkt. 88 at 2; *cf. W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). It is the State's hope that this Court will also issue a decision before the next fishing season begins in the summer of 2025." Counsel for the intervenor-appellees state that they do not oppose. A commensurate extension of time for the intervenors' answering briefs will promote and efficient and streamlined briefing process.

6. The court reporter is not in default with regard to any designated transcripts.

7. For these reasons, the United States respectfully requests that this Court grant a 30-day extension of time to file all answering briefs, up to and including October 25, 2024. If an extension is granted, I will endeavor to file the brief within the time requested.

7

I declare under penalty of perjury that the above is true and correct.

Executed September 12, 2024.

                                             /s/ *Daniel Halainen*
                                             DANIEL HALAINEN
                                             *Attorney*
                                             Environment and Natural Resources Division
                                             U.S. Department of Justice
                                             Post Office Box 7415
                                             Washington, D.C. 20044
                                             (202) 514-4081
                                             daniel.j.halainen@usdoj.gov

                                             *Counsel for the United States*

## CERTIFICATE OF COMPLIANCE

The United States' motion complies with Rule 27(d) of the Federal Rules of Appellate Procedure as the motion contains 564 words and the declaration in support contains 660 words according to the count of Microsoft Word and has been prepared in a proportionally-spaced typeface using Times New Roman 14 point font.

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Counsel for the United States*