No. 24-2251

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, et al.,
*Intervenor-Plaintiffs/Appellees*,

v.

STATE OF ALASKA, et al.,
*Defendants/Appellants*.

Appeal from the United States District Court for the District of Alaska
No. 1:22-cv-54 (Hon. Sharon L. Gleason)

**JOINT STATUS REPORT AND REQUEST FOR ORAL ARGUMENT**

The United States of America and the State of Alaska jointly submit this status report in response to the Court's order of March 17, 2025.

1.　　The United States brought this action against the State of Alaska to resolve a dispute over the Federal Subsistence Board's regulation of subsistence fishing on the Kuskokwim River. The district court granted summary judgment to the United States and entered an order enjoining the State from taking certain actions "interfering with or in contravention of federal orders" related to

subsistence fishing on the river. *United States v. Alaska*, No. 22-cv-54, 2024 WL 1348632, at *13 (D. Alaska Mar. 29, 2024). The State filed this appeal. After briefing, the United States moved to continue oral argument to permit the new Administration sufficient time to review Executive Order 14153, *Unleashing Alaska's Extraordinary Resource Potential*, 90 Fed. Reg. 8347 (Jan. 20, 2025), and the policy and actions to which the order may apply. *See* United States' Opposed Motion for Continuance or Abeyance, Dkt. 70 (Mar. 10, 2025). On March 17, 2025, the Court granted the motion and directed the United States to file a status report within 90 days addressing "(1) what actions, if any, the United States has taken or intends to take that impact this appeal; and (2) whether supplemental briefing is warranted." Order, Dkt. 77 (Mar. 17, 2025).

2.      The United States and the State of Alaska have conferred about the questions presented in the State's appeal and the United States' ongoing consideration of these issues. In its appeal, the State makes two arguments for why the district court's judgment should be reversed: (1) the Kuskokwim River is not "public land" under the Alaska National Interest Lands Conservation Act (ANILCA), and (2) the Federal Subsistence Board's members were not properly appointed under the Appointments Clause. *See* Appellants' Opening Brief at 29-53, Dkt. 13 (July 26, 2024). The United States sought a continuance in part to review whether the Executive Order applies to regulations and actions related to

2

the staffing, structure, and operations of the Board, which could affect the Appointments Clause issue. *See* United States' Opposed Motion for Continuance or Abeyance at 4, Dkt. 70 (Mar. 10, 2025).

    **3.**    The State of Alaska seeks an expeditious ruling from this Court on the injunction entered against the State by the district court. *See* Appellants' Opposition to the United States' Motion for Continuance or Abeyance at 1, 7-8, Dkt. 72 (Mar. 12, 2025). Recognizing the complexity of the questions presented by the Appointments Clause arguments and the United States' need for time to consider and review those issues, the State has agreed to withdraw and no longer press its Appointments Clause arguments in this case to facilitate expeditious proceedings on appeal. *See* Appellants' Opening Brief at 40-53, Dkt. 13 (July 26, 2024); Appellants' Reply Brief at 77-93, Dkt. 63 (Dec. 16, 2024). The United States and the State of Alaska thus agree that this Court need not (and should not) address the Appointments Clause issue presented in the State's briefing. *See id.* The State continues to press all other arguments raised in its briefs, including the "public land" issue under ANILCA and its responses to the procedural arguments made by Appellees. *See* Appellants' Opening Brief at 29-39; Appellants' Reply Brief at 7-76. The United States and the State of Alaska further agree that the case should be returned to the argument calendar for hearing at the next available sitting.

**4.** With the understanding that the Appointments Clause issue is no longer in the case, the United States currently does not intend to take any actions that impact this appeal and does not believe supplemental briefing is required. Should the Court conclude that the Appointments Clause issue remains in the case, the United States respectfully requests advance notice before argument.

For these reasons, the United States and the State of Alaska respectfully request that this appeal be returned to the argument calendar at the next available sitting.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-4081
daniel.j.halainen@usdoj.gov

TREG TAYLOR
ATTORNEY GENERAL

/s/ *J. Michael Connolly*
J. Michael Connolly
Steven C. Begakis
Zachary P. Grouev
Consovoy McCarthy PLLC

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
steven@consovoymccarthy.com
zach@consovoymccarthy.com

/s/ Margaret Paton-Walsh
Margaret Paton-Walsh
Aaron C. Peterson
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5232
margaret.paton-walsh@alaska.gov
aaron.peterson@alaska.gov

May 12, 2025
DJ 90-1-0-16431

## CERTIFICATE OF COMPLIANCE

I hereby certify that this joint status report complies with the Court's March 17, 2025 Order because it is less than seven pages. *See* Dkt. 77.1.

/s/ *Daniel Halainen*
Daniel Halainen

Counsel for the United States