Case No. 24-2251

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Appellee/Plaintiff*,

and

KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION *et al.*,

*Appellees/Intervenor-Plaintiffs*,

v.

STATE OF ALASKA *et al.*,

*Appellants/Defendants*.

On Appeal from the United States District Court for the District of Alaska
Hon. Sharon L. Gleason, Chief Judge | Case No. 4:22-cv-00054-SLG

## ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS, IVAN M. IVAN, AND BETTY MAGNUSON'S APPLICATION FOR ATTORNEYS' FEES

Erin C. Dougherty Lynch
Heather R. Kendall Miller
Wesley James Furlong
Megan R. Condon
Sydney Tarzwell
Kirsten D. Gerbatsch
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, Alaska 99501
Tel. (907) 276-0680

*Counsel for Intervenor-Appellees Association of Village Council Presidents,
Ivan M. Ivan, and Betty Magnuson*

Pursuant to 16 U.S.C. § 3117(a) and Circuit Rule 39-1.6, Intervenor-Appellees Association of Village Council Presidents, Ivan M. Ivan, and Betty Magnuson (collectively, "AVCP Appellees") respectfully submit this application for an award of attorneys' fees in the amount of $147,260.00, plus reasonable fees incurred in preparing, filing, and defending this application. This application is for time reasonably expended defending the United States District Court for the District of Alaska's underlying order granting AVCP Appellees, Appellee United States of America, and Intervenor-Appellees Kuskokwim River Inter-Tribal Fish Commission ("KRITFC"), Ahtna Tene Nené and Ahtna, Inc. (together, "Ahtna"), and Alaska Federation of Natives ("AFN") summary judgment and denying summary judgment to Appellants State of Alaska, Alaska Department of Fish & Game ("ADF&G"), and ADF&G Commissioner Doug Vincent-Lang (collectively, "the State"). AVCP Appellees are entitled to an award of attorneys' fees because they are prevailing parties in this appeal, their request is reasonable, and this application is timely.

## BACKGROUND

To summarize from the Court's recent opinion, in May 2022, the United States sued the State of Alaska seeking declaratory and injunctive relief to preclude the State from again taking actions on the Kuskokwim River that interfered with federal efforts to implement the Alaska National Interest Lands Conservation Act's ("ANILCA") rural subsistence priority, as the State had done earlier that month as

2

well as in May 2021.[1] AVCP Appellees, along with the other Inventor-Appellees, intervened in the District Court proceedings on the side of the United States.[2]

In July 2023, the United States moved for summary judgment, and AVCP Appellees and the other Inventor-Appellees joined that motion.[3] The State filed its cross-motion for summary judgment in September 2023.[4] The United States filed its combined reply in October 2023,[5] and AVCP Appellees and other Intervenor-Appellees filed their combined replies the following month.[6] The State filed its reply in December 2023.[7]

On March 29, 2024, the District Court entered its order granting the United States' motion for summary judgment and denying the State's cross-motion for

---

[1] Compl. for Declaratory & Inj. Relief at 24 ¶ A, *United States v. Alaska*, No. 1:22-cv-00054-SLG (D. Alaska May 17, 2022) (ECF No. 1); Plaintiff's Mot. for Temporary Restraining Order (ECF No. 6); Plaintiff's Mot. for Expedited Consideration (ECF No. 7). In this application, "ECF" refers filings in the District Court proceedings, while "Dkt." refers to filings in this Court.

[2] [Applicant AVCP] Intervenor-Plaintiffs' Mot. to Intervene (ECF No. 19).

[3] Plaintiff's Mot. for Summary Judgment (ECF No. 70); Plaintiff-Intervenors' Joinder in Plaintiff's Mot. for Summary Judgment (ECF No. 71).

[4] Defendants' Combined Mot. for Summary Judgment (ECF No. 73).

[5] Plaintiff's Combined Reply (ECF No. 101).

[6] AVCP Intervenor-Plaintiffs' Combined Reply (ECF No. 115).

[7] Defendants' Reply (ECF No. 122).

summary judgment.[8] The State filed its Notice of Appeal on April 3, 2024.[9] In April 2024, AVCP Appellees filed their Application for Attorneys' Fees in the District Court.[10] In June 2024, the District Court affirmed that Intervenor-Appellees were entitled to seek attorney's fees pursuant to 16 U.S.C. § 3117.[11]

In July 2024, the State filed its opening brief.[12] In October 2024, the United States, AVCP Appellees, and the other Intervenor-Appellees filed answering briefs.[13] The State filed its reply brief in December 2024.[14] This Court held oral argument on June 22, 2025.

---

[8] 1-ER-4 (Dkt. No. 14.2) (Order re Mot. and Cross-Mot. for Summary Judgment, *United States v. Alaska*, No. 1:22-cv-00054-SLG (D. Alaska Mar. 29, 2024)).

[9] 3-ER-417 (Dkt. No. 14.4) (Notice of Appeal (ECF No. 131)). The Ninth Circuit opened the appeal on April 10, 2024. Appeal Opened (Dkt. 1).

[10] ECF No. 138; *see also* Intervenor-Plaintiffs' Joint Reply to Defendants' Opposition to Fees Motions (ECF No. 152).

[11] Order Re Intervenor-Plaintiffs' Motions for Attorney's Fees, *United States v. Alaska*, No. 1:22-cv-00054-SLG, 2024 WL 2862086, at *4 (D. Alaska June 6, 2024) (ECF No. 154).

[12] Appellants' Opening Brief (Dkt. No. 13).

[13] Answering Brief of United States (Dkt. No. 35); Answering Brief of Intervenor-Appellees AVCP (Dkt. No. 41).

[14] Reply Brief (Dkt. No. 63).

On August 20, 2025, this Court entered its opinion "affirm[ing] the judgment below."[15] On September 15, 2025, the State filed a petition for writ of certiorari to the Supreme Court of the United States, declining to petition for a panel or en banc rehearing.

## ARGUMENT

**I.    AVCP Appellees are Entitled to an Award of Attorneys' Fees Under ANILCA Section 807.**

ANILCA Section 807 provides "the sole Federal judicial remedy created by [Title VIII] for local residents and other residents who, and organizations which, are aggrieved by a failure of the State to provide for the priority of subsistence uses set forth in [16 U.S.C. § 3114]."[16] Section 807 additionally provides that "[l]ocal residents and other persons and organizations who are prevailing parties in an action filed pursuant to this section shall be awarded their costs and attorney's fees."[17]

Section 807 "clearly and unambiguously entitles [prevailing parties] to an award of costs and attorney's fees in connection with a civil action filed to obtain

---

[15] Dkt. No. 93.1 at 40.

[16] 16 U.S.C. § 3117(c).

[17] *Id*. § 3117(a).

5

rights under Title VIII of ANILCA."[18] Indeed, this Court has previously observed that this provision reflects "the strong public interest in the effective implementation of the subsistence priority[.]"[19] To that end, this Court has recognized that Section 807's fee provision is "intended to encourage citizen participation and ensure input from individuals and groups that might otherwise be unable to afford adequate representation."[20]

There can be no legitimate question that AVCP Appellees are entitled to attorneys' fees under ANILCA Section 807 in this appeal. AVCP Appellees intervened into the case "to vindicate their subsistence rights[]" under Title VIII of ANILCA.[21] Since Section 807 is the "comprehensive remedy . . . for all claims . . . against the State . . . arising under Title VIII of ANILCA[,]" AVCP Appellees are entitled to fees under Section 807.[22] In this very case, the District Court has already held that AVCP Appellees, KRITFC, Ahtna, and AFN are the prevailing parties and

---

[18] *Native Vill. of Quinhagak v. United States*, No. A93-0023 (HRH), slip op. at *10 (D. Alaska Oct. 21, 2000) (Dkt. No. 135) (citing 16 U.S.C. § 3117(a)).

[19] *Native Vill. of Quinhagak v. United States*, 35 F.3d 388, 395 (9th Cir. 1994) (quoting 126 Cong. Rec. S31109 (daily ed. Dec. 1, 1980)).

[20] *Native Vill. of Quinhagak v. United States*, 307 F.3d 1075, 1083 (9th Cir. 2002).

[21] Order Re Intervenor-Plaintiffs' Motions for Attorney's Fees, 2024 WL 2862086, at *4 (quotation marks and footnote omitted).

[22] *Id*.

"may seek attorney's fees pursuant to 16 U.S.C. § 3117[.]"[23] The State never appealed the District Court's opinion and order holding that AVCP Appellees, KRITFC, Ahtna, and AFN are entitled to an award of attorneys' fees under 16 U.S.C. § 3117(a) in this case.

**II.  AVCP Appellees are Prevailing Parties.**

"[A] plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."[24] It cannot seriously be disputed that AVCP Appellees are prevailing parties. They secured actual relief on the merits of their claims that modified the State's behavior in a way that directly benefits AVCP Appellees, then successfully defended that relief on appeal before this Court.[25]

The United States' original complaint sought declaratory relief that the State's purported openers on the Kuskokwim River in 2021 and 2022 were unlawful because they interfered with and contravened orders issued by the United States

---

[23] *Id*.

[24] *T.B.* ex rel. *Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 483 (9th Cir. 2015) (citation omitted, quotation cleaned up).

[25] *See* 1-ER-4; Dkt. No. 93.1.

7

under Title VIII of ANILCA.[26] The United States' complaint also sought injunctive relief barring the State from taking similar actions in the future that interfered with and contravened orders issued by the United States under Title VIII.[27] Similarly, AVCP Appellees' complaint in intervention sought declaratory relief that the State's orders violated Title VIII and injunctive relief enjoining the State from taking similar actions in the future.[28]

In its March 29, 2024, order on the United States' motion for summary judgment and the State's cross-motion for summary judgment, the District Court held that the State's 2021 and 2022 orders violated Title VIII of ANILCA and granted summary judgment to the United States.[29] The District Court also permanently enjoined the State from reinstating its "2021 [and] 2022 orders and from taking similar actions interfering with or in contravention of federal orders addressing Title VIII of ANILCA and applicable regulations on the Kuskokwim River within the

---

[26] Compl. for Declaratory & Inj. Relief at 24 ¶ A (ECF No. 1).

[27] *Id*. at 24, ¶ B.

[28] Compl. in Intervention at 5, ¶¶ A-B (ECF No. 41).

[29] 1-ER-30 ("As the State's arguments against federal preemption of ADF&G's orders pursuant to *Sturgeon* and the Appointments Clause fail, the State is not entitled to summary judgment. And because the State has failed to create a genuine dispute of material fact as to federal preemption, the Court grants summary judgment to the United States.").

8

Yukon Delta National Wildlife Refuge."[30] In the District Court's own words: "Plaintiffs have succeeded on the merits of this case."[31]

The State appealed its loss to this Court, and on August 20, 2025, this Court "affirm[ed] the judgment below."[32] This Court systematically addressed and rejected each of the State's arguments challenging the District Court's summary judgment order.[33] This Court affirmed the District Court's judgment and permanent injunction against the State, thus affirming the complete relief AVCP Appellees (as well as the United States, KRITFC, Ahtna, and AFN) received against the State, making AVCP Appellees prevailing parties.

## II.   AVCP Appellees' Requested Award is Reasonable.

AVCP Appellees' request for an award of attorneys' fees in the amount of $147,260.00, plus reasonable fees incurred in submitting and defending this application, is reasonable. "To calculate attorneys' fees, courts in the Ninth Circuit use the two-step 'lodestar method.'"[34] First, courts "tally[] the number of hours an

---

[30] 1-ER-32.

[31] 1-ER-31. The District Court clarified that the "Plaintiffs" are the United States, AVCP Appellees, KRITFC, Ahtna, and AFN. 1-ER-5.

[32] Dkt. No. 93 at 40.

[33] Dkt. No. 93 at 25-39.

[34] *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024) (citation omitted).

9

attorney reasonably expended on the prevailing party's case[,]" and "then multiplies the number of hours by a reasonable hourly rate[.]"[35] This is the lodestar figure. Second, the court considers factors to determine whether to enhance the award.[36] AVCP Appellees do not request an enhancement beyond the lodestar figure.

The fees requested in this application are based on hourly rates of $600.00 per hour to $400.00 per hour, which are "well within market rates for litigation work in Anchorage" for attorneys of comparable experience, as set forth in the attached declaration of James Torgerson.[37]

Attorney Erin C. Dougherty Lynch is a Senior Staff Attorney with the Native American Rights Fund ("NARF") and the Managing Attorney of the NARF Alaska office. She has been practicing law for sixteen years. Attorneys Heather R. Kendall Miller, Wesley James Furlong, Megan R. Condon, and Sydney Tarzwell are Senior Staff Attorneys with NARF. Ms. Kendall Miller has been practicing law for over thirty years; Mr. Furlong has been practicing law for nine years; Ms. Condon has been practicing law for seven years; and Mx. Tarzwell has been practicing law for

---

[35] *Id*.

[36] *Id*.

[37] The attached declaration of Mr. Torgerson at Exhibit A was filed in support of AVCP Appellees' April 2024 application for attorneys' fees in this case for hours expended securing their win in the underlying District Court proceedings.

10

sixteen years. Their experience is more fully described in the attached declaration of Ms. Dougherty Lynch.

Based on the prevailing litigation rates for attorneys with their respective experience and expertise, Ms. Dougherty Lynch's and Mx. Tarzwell's hourly rates have been set at $500.00 per hour; Ms. Kendall Miller's hourly rate has been set at $600.00 per hour; and Mr. Furlong's and Ms. Condon's hourly rates have been set at $400.00 per hour.

The fact that multiple attorneys were involved in this case is reasonable, as are the total number of hours billed on this case, given the importance of the congressionally protected subsistence rights at stake, the nature of the State's arguments, and the decades-long history of the *Katie John* litigation that the State has attempted to overturn.[38] As this Court observed in its August 20th opinion, the State has repeatedly changed its position regarding ANILCA's rural subsistence priority.[39] For decades, the State challenged the rural subsistence priority in the *Katie*

---

[38] *See Alaska v. Babbit*, 72 F.3d 698 (9th Cir. 1995), *cert. denied* 516 U.S. 1036 (1996) *and sub nom. Alaska Fed'n of Natives v. United States*, 517 U.S. 1187 (1996); *John v. United States*, 247 F.3d 1032 (9th Cir. 2001) (en banc); *John v. United States*, 720 F.3d 1214 (9th Cir. 2013), *cert. denied sub nom. Alaska v. Jewell*, 572 U.S. 1042 (2014).

[39] Dkt. No. 93.1 at 6.

11

*John* line of cases. Then, in *Sturgeon v. Frost*,[40] the State sought to *protect* the rural subsistence priority. This present case—and, consequently, the hours billed by the attorneys defending *Katie John*—is the direct result of the State's latest change in position and its renewed effort to challenge the rural subsistence priority and overturn decades of binding Circuit precedent. The hours billed are reasonable in light of the history, importance, and complexity of this case and subsistence rights in rural Alaska, and the State's renewed efforts to overturn *Katie John*.

  Undersigned counsel has reviewed the time entries for this case to ensure they accurately reflect the work done by attorneys in this matter.[41] AVCP Appellees request an award of attorneys' fees as detailed in the attached Declaration from Ms. Dougherty Lynch and Exhibit B. Based on the foregoing, the Court should find that the total fees requested, considering both the rates and the number of hours, were reasonably incurred, and that AVCP Appellees have therefore established that they are entitled to an award of attorneys' fees in the amount of $147,260.00, plus reasonable fees incurred in preparing, filing, and defending this application.

---

[40] 587 U.S. 28 (2019).

[41] Decl. of Dougherty Lynch at ¶ 14.

### III. AVCP Appellees' Application is Timely.

Circuit Rule 39-1.6(a) provides: "Absent a statutory provision to the contrary, a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed." While 16 U.S.C. § 3117(a) provides prevailing parties the right to seek attorneys' fees, it does not provide a specific timeline within which a request must be made. Thus, the Circuit Rule's fourteen-day deadline controls.

On September 15, 2025, the State filed its petition for certiorari with the Supreme Court of the United States, foreclosing its ability to petition for panel or en banc rehearing. Accordingly, AVCP Appellees have filed this application on September 29, 2025, fourteen days after the State filed its petition for certiorari.

### CONCLUSION

AVCP Appellees are prevailing parties in the appeal and are therefore entitled to an award of attorneys' fees pursuant to 16 U.S.C. § 3117(a) in the amount of $147,260.00, plus reasonable fees incurred in submitted and defending this application.

RESPECTFULLY SUBMITTED this 29th day of September 2025.

*/s/ Wesley James Furlong*
Erin C. Dougherty Lynch
Heather R. Kendall Miller
Wesley James Furlong
Megan R. Condon

13

Sydney Tarzwell
Kirsten D. Gerbatsch
NATIVE AMERICAN RIGHTS FUND

*Counsel for Intervenor-Appellees Association of Village Council Presidents, Ivan M. Ivan, and Betty Magnuson*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF. I certify that all participants in the case are registered CM/ECF users.

*/s/ Wesley James Furlong*
Wesley James Furlong
NATIVE AMERICAN RIGHTS FUND

*Counsel for Intervenor-Appellees Association of Village Council Presidents, Ivan M. Ivan, and Betty Magnuson*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 9. Application for Attorneys' Fees under Circuit Rule 39-1.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form09instructions.pdf

**9th Cir. Case Number(s)** | 24-2251

**Case Name** | United States of America v. State of Alaska

For each amount claimed, please attach itemized information indicating service provided, date, hours, and rate.

| DESCRIPTION OF SERVICES | Hours | Amount Claimed |
|---|---|---|
| Interviews and Conferences | 87.8 | $ 42,840 |
| Obtaining and Reviewing Records | 7 | $ 3,190 |
| Legal Research | 38.4 | $ 17,780 |
| Preparing Briefs | 106.9 | $ 45,520 |
| Preparing for and Attending Oral Argument | 75.2 | $ 37,930 |
| Other (*specify below*) |  | $ |
| **Total Hours/Compensation Requested:** | 315.3 | $ 147,260 |

**Signature** | /s/ Wesley James Furlong     **Date** 09/29/2025

(use "s/[typed name]" *to sign electronically-filed documents*)

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 9**                                                              *Rev. 01/24/2019*